

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:20-cr-6-J-20MCR
21 U.S.C. § 841
18 U.S.C. § 922(g)(1)

CHRISTOPHER CARTER

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about November 5, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CHRISTOPHER CARTER,

did knowingly and intentionally distribute a controlled substance, which violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).

### COUNT TWO

On or about November 6, 2019, in the Middle District of Florida, the defendant,

CHRISTOPHER CARTER,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, including, Possession of Cocaine, on or about May 25, 2010, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is, Glock 9mm pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT THREE

On or about January 8, 2020, in the Middle District of Florida, the defendant,

CHRISTOPHER CARTER,

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, including, Possession of Cocaine, on or about May 25, 2010, did knowingly possess, in and affecting foreign commerce, a firearm, that is, Romarm 7.62 caliber pistol.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## FORFEITURE

1. The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 21 U.S.C. § 841(a)(1), the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. Upon conviction of a violation of 18 U.S.C. §§ 922(g)(1), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

4. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p); and pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Ashley Washington
Assistant United States Attorney

By: _____
Frank Talbot
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
1/21/20 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

CHRISTOPHER CARTER

## INDICTMENT

Violations:   21 U.S.C. § 841
18 U.S.C. § 922(g)(1)

A true bill,

_____
Foreperson

Filed in open court this 22nd day

of January, 2020.

_____
Clerk

Bail   $_____

GPO 863 525